PLEAS REED v. THE STATE.

No. 3423.  Decided March 17, 1915.

1.—Perjury—Indictment.

Where, upon trial of perjury, the indictment followed approved precedent, the same was sufficient.

2.—Same—Sufficiency of the Evidence.

Where, upon trial of perjury, the evidence sustained the conviction, there was no reversible error on that ground. Davidson, Judge, dissenting.

3.—Same—Evidence—General Reputation.

Where, upon trial of perjury, the defendant attacked the reputation of the chief State's witness for virtue and chastity, there was no error in permitting the State to introduce testimony of her general reputation for virtue and chastity.

4.—Same—Evidence—Hearsay—Declaration of Third Parties.

Where, upon trial of perjury based upon testimony of the defendant given upon trial of slandering a female, the defendant introduced testimony that the

chief prosecuting witness admitted that she had carnal intercourse with a certain party, which said prosecuting witness denied, it was reversible error to admit testimony that said third party had testified on the chief trial, towit, that of slander, that he had not had carnal intercourse with said prosecuting witness, as this was purely hearsay, especially under the charge of the court in limiting said hearsay testimony to the credit of defendant's witness.

**5.—Same—Place of Holding Court—Recalling Jury.**

Where the trial was held at another place than the county courthouse, it was improper to recall the jury and permit the State to show the authority of holding court at such place, although this may not have been reversible error.

Appeal from the District Court of Taylor. Tried below before the Hon. Thomas L. Blanton.

Appeal from a conviction of perjury; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Wagstaff & Hardwicke*, for appellant.—On question of general reputation: Tate v. State, 68 Texas Crim. Rep., 45, 150 S. W. Rep., 781; Cowden v. State, 68 Texas Crim. Rep., 62, 150 S. W. Rep., 779.

*C. C. McDonald*, Assistant Attorney General, for the State.—On question of materiality of testimony as basis of perjury: Washington v. State, 23 Texas Crim. App., 336; Jackson v. State, 15 id., 579; Smith v. State, 27 id., 50; Garrett v. State, 37 Texas Crim. Rep., 198; Scott v. State, 35 id., 11.

HARPER, Judge.—Appellant was convicted of perjury and his punishment assessed at two years confinement in the State penitentiary.

This offense is alleged to have grown out of the trial of Henry Ethridge, who was charged with having slandered Miss Minnie Simpson by saying: "I would not be caught in daytime with that girl for one thousand dollars. She is nothing but a damned whore." On the trial of that case it is alleged appellant wilfully, deliberately and falsely swore that he had had carnal knowledge of the said Miss Minnie Simpson.

Appellant moved to quash the indictment and in arrest of judgment on several grounds. We do not deem it necessary to state them, but after a careful perusal of the indictment we think it subject to none of the objections made, and that it clearly and succinctly charges the offense of perjury. Neither do we think there is any merit in the contention that the evidence will not sustain the verdict. The testimony of several witnesses shows that appellant on the trial of Henry Ethridge swore that he had carnally known Miss Simpson on two occasions. In that case, as in this, it was a material issue as to whether Miss Simpson was a virtuous and chaste female, or a wanton. The verdict of the jury finds that she is a pure and chaste woman, and that appellant never at any time had carnal knowledge of her, and the evidence certainly supports that finding.

Appellant objected to the State proving that the reputation of Miss Simpson in the community where she lived as a virtuous and chaste girl was good. . As appellant, by the testimony of Miss Vera Fuller, Emmett Taylor and others had attacked Miss Simpson in this respect, there was no error in admitting the testimony. Appellant insists that the credit of a witness can not be supported by this character of testimony. He is correct in this contention, but the testimony was not offered for that purpose, but offered to refute the evidence introduced by appellant tending to show that she was not a virtuous and chaste female. The testimony of the four physicians, who testified they had made a physical examination of her, and that she was a virgin, and had never had intercourse with any man, and the testimony that her reputation was that of a virtuous and chaste woman, was admissible on that issue, and the court did not err in so holding.

We do not deem it necessary to write on each and every ground in the motion, as, in our opinion, none of them present error, except those hereinafter discussed. Appellant introduced Miss Vera Fuller as a witness, and she testified that Miss Simpson had admitted to her that on returning from an entertainment at Cedar schoolhouse in company with Harry Self, the said Harry Self had had intercourse with her three times. Miss Simpson denied ever having such a conversation with Miss Fuller. The State did not call Harry Self then as a witness, as it could have done, if it desired to prove by him that he had never had intercourse with Miss Simpson. Instead of doing so, it called a number of witnesses who testified they heard Self testify on the trial of Henry Ethridge, and that on that trial Self testified he had never had intercourse with Miss Simpson, and that he had never seen anything wrong in Miss Simpson's conduct. Self was not dead, nor beyond the jurisdiction of the court—in fact, the record discloses he was in attendance on this trial, and we can not understand why the State did not call him as a witness instead of calling other people to testify to what they heard Self testify on the trial of Henry Ethridge in the County Court. Appellant objected to the witnesses being permitted to testify to what they heard Self testify in the County Court, and their objection should have been sustained. Self was not introduced as a witness in the trial of this case. Again it is shown by the bill that the court instructed the jury: "Gentlemen, if you should consider this testimony at all, you will consider it only in passing upon the credibility of the witness, Miss Vera Fuller, and for no other purpose. You will consider it for no purpose whatever against the defendant. But if you should consider it at all, you may consider it only in passing on the credibility of the witness, Miss Vera Fuller." There was a direct conflict in the testimony of Miss Fuller, defendant's witness, and Miss Simpson, State's witness, and the jury by this instruction is told they may consider this improperly admitted testimony in passing on the credit they would give to the testimony of defendant's witness. As the testimony was inadmissible, the court emphasizes the error in admitting it by specifically

authorizing the jury to consider it in passing on the credit to be given defendant's witness on an issue in which the testimony of the defendant's witness and the State's witness was in direct conflict.

Another matter we wish to call attention to is that in another bill it is shown that the Taylor County courthouse was being rebuilt at the time Henry Ethridge was tried, and that the County Court was held in the Grace Hotel building. During the trial of this case it was developed that the Ethridge trial was held in the Grace Hotel building, and no authority to hold court in said building was introduced in evidence. After the jury had been instructed by the court and retired to consider their verdict, this omission was discovered. The jury was recalled, and testimony admitted showing authority to hold court in the Grace Hotel building. Appellant objected to the jury being recalled, and to any additional testimony being introduced in evidence. As our Code provides that evidence may be admitted at any time before the conclusion of the argument, it was improper for the court to admit this testimony after the jury had retired to consider the case. However, as the testimony admitted had no bearing on the issue of the guilt or innocence of the defendant, we would not feel inclined to reverse the case because this testimony was admitted at an improper time, but on account of the errors hereinbefore pointed out it becomes necessary to reverse and remand the case, and attention is called to this matter that it may not occur again.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

DAVIDSON, JUDGE.—I agree to the reversal. Other questions I believe are reversible. I do not agree to the qualification put by the opinion on statute forbidding testimony after argument closed. White's Ann. C. C. P., art. 697, and notes for cases. Also by art. 735, White's C. C. P., it is only when jury disagrees as to evidence can witness be recalled. See notes for cases under that article. The jury can not be recalled to hear any new fact. 43 Texas Crim. Rep., 564; Edmondson, 7 Texas Crim. App., 116; Lorance, 37 Texas Crim. Rep., 453; Williams, 35 Texas Crim. Rep., 183. It is not a question of trial vel non.

This judgment ought to be reversed because there is no evidence in the record that Ethridge ever slandered Miss Simpson as alleged in the indictment. Appellant's evidence was material, if at all, because it went to prove she was a whore as it is alleged that Ethridge stated. If Ethridge did not make that statement, there was no issue in the slander case and could be none in this case. The record does not show Ethridge ever made such statement.