TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00521-CR






Michael Howard Bradley, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT


NO. 19,652, HONORABLE CHARLES E. LANCE, JUDGE PRESIDING







A jury found appellant Michael Howard Bradley guilty of possessing four or more
grams of phencyclidine, a controlled substance. See Tex. Health & Safety Code Ann.
§ 481.115(a), (d) (West Supp. 1999). The jury assessed punishment, enhanced by a previous
felony conviction, at imprisonment for seventy-two years and a $10,000 fine. Although we find
appellant's challenge to the legal sufficiency of the evidence to be without merit, we agree with
his contention that trial error was committed. Accordingly, we will reverse the conviction and
remand for a new trial.

Stephanie Wells answered a knock on her apartment door at 2:30 a.m. on March
3, 1998. When she opened the door, appellant entered the apartment and fell to the floor. Wells
knew appellant because his mother lived in the next apartment. Appellant appeared to be
intoxicated and did not respond when Wells spoke to him. Wells went to the mother's apartment,
but no one was there. She then went to the nearby apartment of Milam County deputy sheriff
Justin Newlin. Wells told Newlin what had happened and asked for his help. Newlin called for
backup and went to Wells's apartment to investigate.

Cameron police officer Larry Hernandez arrived at the apartment at about the same
time as Newlin. By this time, appellant was standing in the patio area outside his mother's
apartment. He was unsteady on his feet and mumbling to himself. Appellant was obviously
intoxicated, but Newlin did not smell an alcoholic beverage odor. As Newlin attempted to frisk
appellant for weapons, Hernandez saw appellant reach into his right pants pocket and withdraw
an object with "a red cap with a white marking on it." Appellant tossed the object over a nearby
fence. Newlin also saw appellant reach into his pocket and then make a throwing motion, but he
did not see what appellant had in his hand. After the officers handcuffed appellant, Hernandez
went to the other side of the fence and found a small brown bottle with a red cap. It was the only
such item in the area. This bottle was shown to contain 18.51 grams of liquid phencyclidine.

Appellant was booked into the Milam County jail. Later that day, appellant asked
to speak to deputy Greg Kouba about moving to a different cell. Kouba testified that when he
entered appellant's cell, "Michael Bradley looked up at me and said, 'Greg, the PCP's got hold
of me.'"

Defense witness Frank Ewing testified that he was standing nearby and saw the
encounter between appellant and the two officers. Ewing said that appellant was holding his shoes
in one hand and his keys in the other, that he never reached into his pants pocket, and that he did
not throw anything. Ewing also testified that he did not see Hernandez pick up anything from the
ground.

Evidence is legally sufficient to support a criminal conviction if, viewing all the
evidence in the light most favorable to the verdict, any rational trier of fact could find the essential
elements of the offense beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307
(1979); Geesa v. State, 820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d
155 (Tex. Crim. App. 1981). To prove unlawful possession of a controlled substance, the State
must prove that the accused exercised care, control, and management of the substance, and that
the accused knew the substance was contraband. See Martin v. State, 753 S.W.2d 384, 387 (Tex.
Crim. App. 1987). Appellant contends the State failed to do this because it did not affirmatively
link him to the bottle of phencyclidine. "Affirmative link" is merely a shorthand way of saying
the State must prove intentional or knowing possession. See Brown v. State, 911 S.W.2d 744,
747 (Tex. Crim. App. 1995).

Viewed in the light most favorable to the jury's verdict, the evidence supports a
rational finding beyond a reasonable doubt that appellant knowingly possessed the phencyclidine. 
Appellant was clearly intoxicated on the night in question, but apparently not as a result of
consuming alcohol. Both Newlin and Hernandez saw appellant reach into his pocket as he was
being frisked, and Hernandez saw him throw an object with a red cap over the fence. Moments
later, Hernandez found the bottle of phencyclidine, with its red cap, in the location where the
object was thrown. Following his arrest, appellant admitted having a problem with PCP. 
Appellant emphasizes Ewing's testimony, which contradicted that of the two officers. The jury
was the exclusive judge of the credibility of the witnesses, however, and was free to accept or
reject all or any part of Ewing's testimony. See Castellano v. State, 810 S.W.2d 800, 807 (Tex.
App.--Austin 1991, no pet.). Issue two is overruled.

Appellant raises a second issue that he contends requires us to render a judgment
of acquittal. Three months before appellant's trial began, he filed a motion "to disqualify the
prosecuting attorney and his office" on the ground that the Milam County and District Attorney
had represented him in an unrelated criminal case before he assumed that office. The motion was
granted and the district court immediately appointed an attorney pro tem to represent the State in
this cause. See Tex. Code Crim. Proc. Ann. art. 2.07(a) (West 1977). The county and district
attorney's motion to reconsider this action was overruled. On the day trial began, after voir dire
was concluded, appellant filed a motion to dismiss on the ground that the county and district
attorney had been unlawfully disqualified. Appellant now argues that the district court erred by
overruling his motion to dismiss, and that the error entitles him to an acquittal because the motion
was made after jeopardy attached.

We agree that the order disqualifying the county and district attorney and his office
was erroneous. See State ex rel. Eidson v. Edwards, 793 S.W.2d 1, 4-7 (Tex. Crim. App. 1990). 
But appellant, having invited the error by moving for such disqualification, is estopped from
complaining of the error on appeal. See Prystash v. State, No. 72,572, slip op. at 14-15 (Tex.
Crim. App. Sep. 15, 1999); Tucker v. State, 771 S.W.2d 523, 534 (Tex. Crim. App. 1988). We
also note that appellant fails to cite authority to support his contention that the error entitles him
to an acquittal, and that this contention is based on a misstatement of fact. Appellant's motion to
dismiss was made and overruled before the jury was empaneled and sworn, and therefore before
jeopardy attached. See Crist v. Bretz, 437 U.S. 28, 36 (1978); McElwee v. State, 589 S.W.2d
455, 459 (Tex. Crim. App. 1979). Issue one is overruled.

We now turn to the trial error that requires us to reverse the judgment of
conviction. While deliberating the question of appellant's guilt or innocence, the jury sent the
district court the following note: "Question[:] Officer Hernandez[,] at what point did you see Mr.
Ewing and at what location was he at[?] Was Mr. Ewing on the patio at the time of the pat
down[?]" The court interpreted the note as asking that the referenced testimony be reread, even
though the note did not contain the requisite indication that there was a dispute among the jurors. 
See Moore v. State, 874 S.W.2d 671, 673 (Tex. Crim. App. 1994); Tex. Code Crim. Proc. Ann.
art. 36.28 (West 1981) (court may read disputed testimony to jury from reporter's notes). When
the reporter's notes were examined, however, it was determined that Hernandez had not testified
with regard to Ewing or his presence at the scene (a fact our review of the record confirms). With
that, the court announced its intention to return the jury to the courtroom, reopen testimony, and
ask Hernandez the jury's questions. Over appellant's vigorous objection, this is exactly what the
court did. After recalling Hernandez, the court asked the witness the two questions in the jury's
note. Hernandez answered the first question as follows: "The point that I saw him [Ewing] was
after Mr. Bradley was already handcuffed and I had gone to retrieve the evidence that was thrown
and then I saw him standing beside the privacy fence." Hernandez's answer to the second
question was, "No, sir." Appellant's request to cross-examine the witness was overruled.

Article 36.28 permits a trial court, in a case in which there is no court reporter,
to recall a witness to repeat testimony about which the jury is in dispute. This portion of the
statute does not apply here because there was a court reporter and because Hernandez was not
asked to repeat his previous testimony. Instead, this cause raises the question whether the trial
court was authorized to reopen evidence for new testimony after the jury had begun deliberating. 
We hold that it was not.

"The court shall allow testimony to be introduced at any time before the argument
of a cause is concluded, if it appears that it is necessary to a due administration of justice." Tex.
Code Crim. Proc. Ann. art. 36.02 (West 1981) (emphasis added); see Holifield v. State, 599
S.W.2d 836, 837 (Tex. Crim. App. 1980) (court has discretion to grant timely request to reopen). 
Article 36.02 marks the limit beyond which no court is authorized to allow the introduction of
testimony. See Williams v. State, 32 S.W. 893, 894 (Tex. Crim. App. 1895) (construing
substantially identical predecessor statute). A trial court errs by permitting additional testimony
after the arguments of the parties have been concluded and the jury has retired to deliberate. See
Reed v. State, 174 S.W. 1065, 1066 (Tex. Crim. App. 1915); Lockett v. State, 55 S.W. 336 (Tex.
Crim. App. 1900); Ming v. State, 24 S.W. 29 (Tex. Crim. App. 1893). (1)

The State concedes the district court erred, but urges that the error was harmless.
See Tex. R. App. P. 44.2. No error is categorically immune to harmless error analysis except
for federal constitutional errors deemed structural by the United States Supreme Court. See Cain
v. State, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997). In Reed, the court concluded that the
defendant was not harmed by the untimely reopening of testimony because the additional
testimony (explaining why court was being held in a hotel) had no bearing on the defendant's guilt
or innocence. See Reed, 174 S.W. at 1066 (reversing on other grounds); compare Williams, 32
S.W. at 894 (reversing when testimony reopened to permit proof of murder victim's identity). 
While the district court violated article 36.02 by reopening testimony when it did, we are referred
to no authority supporting the conclusion that this was a constitutional error, much less one that
adversely affected the entire framework of the trial. See Arizona v. Fulminante, 499 U.S. 279,
309-10 (1991) (discussing nature of structural constitutional errors); Tate v. State, 988 S.W.2d
887, 890 (Tex. App.--Austin 1999, pet. ref'd) (distinguishing constitutional errors from others). 
We conclude that the court's error was one that must be disregarded unless it affected a substantial
right. See rule 44.2(b).

We are convinced that appellant's substantial rights were adversely affected by the
error. The district court recalled Hernandez to the witness stand for the purpose of asking him
questions from the jury directly relating to the credibility of Ewing's defensive testimony, and
hence to appellant's guilt or innocence. The questions obviously were important to the jury; if
they had not been important, they would not have been asked. Under the circumstances,
Hernandez's testimony that Ewing was not on the patio where appellant's encounter with the
police took place, and that the officer did not see Ewing until after the contraband had been
discovered, could only have had a substantial and, from appellant's point of view, injurious
influence on the jury's verdict. See King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). 
Issue five is sustained.

Because issue five presents reversible error, we need not address the remaining
issues. The judgment of conviction is reversed and the cause is remanded to the district court.



 

 Jan P. Patterson, Justice

Before Justices Jones, Kidd and Patterson

Reversed and Remanded

Filed: November 18, 1999

Do Not Publish

1. It is error to permit jurors to submit questions to witnesses. See Morrison v. State, 845
S.W.2d 882, 889 (Tex. Crim. App. 1992). The primary interest secured by the Sixth amendment
confrontation clause is the right of cross-examination. Davis v. Alaska, 415 U.S. 308, 315-16
(1974). Appellant does not raise these issues.


her the trial
court was authorized to reopen evidence for new testimony after the jury had begun deliberating. 
We hold that it was not.

"The court shall allow testimony to be introduced at any time before the argument
of a cause is concluded, if it appears that it is necessary to a due administration of justice." Tex.
Code Crim. Proc. Ann. art. 36.02 (West 1981) (emphasis added); see Holifield v. State, 599
S.W.2d 836, 837 (Tex. Crim. App. 1980) (court has discretion to grant timely request to reopen). 
Article 36.02 marks the limit beyond which no court is authorized to allow the introduction of
testimony. See Williams v. State, 32 S.W. 893, 894 (Tex. Crim. App. 1895) (construing
substantially identical predecessor statute). A trial court errs by permitting additional testimony
after the arguments of the parties have been concluded and the jury has retired to deliberate. See
Reed v. State, 174 S.W. 1065, 1066 (Tex. Crim. App. 1915); Lockett v. State, 55 S.W. 336 (Tex.
Crim. App. 1900); Ming v. State, 24 S.W. 29 (Tex. Crim. App. 1893). (1)

The State concedes the district court erred, but urges that the error was harmless.
See Tex. R. App. P. 44.2. No error is categorically immune to harmless error analysis except
for federal constitutional errors deemed structural by the United States Supreme Court. See Cain
v. State, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997). In Reed, the court concluded that the
defendant was not harmed by the untimely reopening of testimony because the additional
testimony (explaining why court was being held in a hotel) had no bearing on the defendant's guilt
or innocence. See Reed, 174 S.W. at 1066 (reversing on other grounds); compare Williams, 32
S.W. at 894 (reversing when testimony reopened to permit proof of murder victim's identity). 
While the district court violated article 36.02 by reopening testimony when it did, we are referred
to no authority supporting the conclusion that this was a constitutional error, much less one that
adversely affected the entire framework of the trial. See Arizona v. Fulminante, 499 U.S. 279,
309-10 (1991) (discussing nature of structural constitutional errors); Tate v. State, 988 S.W.2d
887, 890 (Tex. App.--Austin 1999, pet. ref'd) (distinguishing constitutional errors from others). 
We conclude that the court's error was one that must be disregarded unless it affected a substantial
right. See rule 44.2(b).

We are convinced that appellant's substantial rights were adversely affected by the
error. The district court recalled Hernandez to the witness stand for the purpose of asking him
questions from the jury directly relating to the credibility of Ewing's defensive testimony, and
hence to appellant's guilt or innocence. The questions obviously were important to the jury; if
they had not been important, they would not have been asked. Under the circumstances,
Hernandez's testimony that Ewing was not on the patio where appellant's encounter with the
police took place, and that the officer did not see Ewing until after the contraband had been
discovered, could only have had a substantial and, from appellant's point of view, injurious
influence on the jury's verdict. See King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). 
Issue five is sustained.

Because issue five presents reversible error, we need not address the remaining
issues. The judgment of conviction is reversed and the cause is remanded to the district court.



 

 Jan P. Patterson, Jus