COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



FRANCISCO RODRIGUEZ,

                            Appellant,

v.

THE STATE OF TEXAS,

                            Appellee.

§

§

§

§

§

No. 08-03-00459-CR

Appeal from the

265th District Court

of Dallas County, Texas

(TC# F-0248638-R)




O P I N I O N

           This is an appeal from a conviction for the offense of driving while intoxicated
enhanced by two prior driving while intoxicated convictions. Appellant pleaded not guilty
to the court and the court convicted Appellant and sentenced him to three years’ community
supervision and a fine of $500. We reverse and remand for a new punishment hearing.
           I. SUMMARY OF THE EVIDENCE
           A hearing on Appellant’s motion to suppress the evidence was held on August 16,
2002. Senior Corporal John Valdez of the Dallas Police Department testified that on March
2, 2002, he was on patrol at nighttime in the 6500 block of South Loop 12 in Dallas, Texas
when he came upon an accident involving two vehicles. It appeared that the accident had just
occurred as there were no other emergency vehicles on the scene and people were running
from parked cars to see to those involved in the accident. Damage to both vehicles was
extensive and both were in the ditch on the north side of the road. Valdez spoke to the
individuals in the passenger vehicle involved in the accident. The driver of that car was
dazed but otherwise appeared unhurt. Over Appellant’s hearsay objection, Valdez testified
that the driver, Bobby Washington, told him that he was driving westbound on Loop 12 when
a vehicle came into his lane. Due to the speed involved, the driver was unable to avoid the
other vehicle and they met head-on.
           Appellant was still sitting in the driver’s seat of the other vehicle--a pickup truck. 
Appellant kept trying to start the truck and put it into gear. Valdez stated that it was not
possible for the vehicle to move as both vehicles were completely totaled. He asked
Appellant to step out of the car. Appellant ignored the officer and kept trying to start the
truck and put it into gear. Valdez could smell a strong odor of alcohol and it appeared that
Appellant was intoxicated. Appellant would not look at the officer and his speech was
slurred. Valdez stood by and called for a DWI unit as he was not certified to conduct any
sobriety tests.
           After about ten minutes, Officer Ron Coulson arrived. During that ten minutes,
Appellant kept trying to start the vehicle and put it into gear. Upon Coulson’s arrival,
Appellant exited the car and various sobriety tests were administered. Appellant refused to
breathe into the portable breathalyzer stating, “No, that wouldn’t be good for me.” The
witness testified that he thought Appellant was a danger to himself and others.
           Officer Ronald Coulson testified that when he arrived at the scene, Appellant was
trying to start the truck and put it into gear. There was the strong odor of an alcoholic
beverage on his breath, and his eyes were very bloodshot. The driver of the passenger car
stated to Coulson that Appellant’s vehicle approached on the wrong side of the road and they
hit head-on. Coulson spoke to Appellant. Aside from responding that he had consumed
several drinks, Appellant refused to state how many drinks he had consumed and when he
drank them. Appellant failed several sobriety tests and refused the portable breathalyzer test. 
Coulson arrested Appellant. Coulson testified that Appellant was intoxicated and was a
danger to himself and others.
           At the trial on the guilt-innocence stage, Appellant pleaded not guilty to the court. 
The State requested that the court consider all the testimony obtained during the hearing on
the motion to suppress the evidence. Appellant acquiesced to that request save for the
matters that were objected to at that hearing. Appellant stated he had no objection when
State’s Exhibit Three was admitted into evidence. This was a stipulation of evidence which
stated that Bobby Washington would testify as follows:
That on March 2, 2002, he and his nephew, Mark Washington, were involved
in a two car automobile accident with the undersigned defendant in Dallas
County, Texas. Mr. Washington would also testify to the fact that the
defendant, Francisco Rodriguez was operating the other motor vehicle
involved in this accident.

           The stipulation further stated that Appellant was aware of his right to confront and
cross-examine the witness, and that he was freely and voluntarily waiving those rights. The
stipulation was signed by the Assistant District Attorney, Appellant, and his counsel. The
document states that the judge approved the stipulation and it is signed by the judge.
           The guilt-innocence stage of trial was continued until July 11, 2003. At that time both
sides closed. Appellant argued that the State had failed to prove intoxication. He also argued
that as the State had failed to present any evidence regarding the enhancement paragraphs
of the indictment, the court should find Appellant guilty only of misdemeanor driving while
intoxicated. The State then referenced the testimony and asked the court to find Appellant
guilty of driving while intoxicated. The court then questioned whether any evidence
concerning the enhancement paragraphs had been offered. The State requested to reopen and
the court granted the request. Appellant objected that the court was allowing the State to
reopen and introduce evidence that was not introduced at the guilt-innocence stage of trial
to the prejudice of the Appellant. The court overruled Appellant’s objection.
           The State then offered into evidence State’s Exhibits Four, Five, Six, and Seven. 
Exhibits Four and Five were stipulations that Appellant was the same individual convicted
in cause number 94-10670-CK found in State’s Exhibit Six, a prior driving while intoxicated
conviction, and in cause number MB91-23540-G found in State’s Exhibit Seven, also a prior
driving while intoxicated conviction. Appellant objected to the admission of State’s Exhibit
Seven on the basis that the conviction in cause number MB91-23540-G had been set aside. 
A document showing that Appellant’s conviction was set aside in that cause number and the
information was dismissed was received into evidence. The court overruled the objections
and State’s Exhibits Four through Seven were admitted into evidence. The court found
Appellant guilty of the offense of driving while intoxicated, a third offense.
II. DISCUSSION
           In Issue No. One, Appellant asserts that the court erred in overruling his motion to
suppress the evidence because he was arrested without a warrant in violation of the State and
Federal Constitutions. Specifically, Appellant asserts that his arrest was invalid because
neither of the officers saw Appellant driving the vehicle. Therefore, he could not be arrested
for driving while intoxicated.
           We review the trial court’s ruling on a motion to suppress under an abuse of discretion
standard. Balentine v. State, 71 S.W.3d 763, 768 (Tex.Crim.App. 2002); Oles v. State, 993
S.W.2d 103, 106 (Tex.Crim.App. 1999). We view the evidence in the light most favorable
to the trial court’s ruling. State v. Ballard, 987 S.W.2d 889, 891 (Tex.Crim.App. 1999). 
Although we afford almost total deference to the trial court’s determination of facts that the
record supports, we “review de novo the court’s application of the law of search and seizure
to those facts.” State v. Ross, 32 S.W.3d 853, 856 (Tex.Crim.App. 2000); see also Guzman
v. State, 955 S.W.2d 85, 89 (Tex.Crim.App. 1997). If the judge’s decision is correct on any
theory of law applicable to the case, the decision will be sustained. Ross, 32 S.W.3d at
855-56.
           Article 14.01 of the Texas Code of Criminal Procedure permits a warrantless arrest
for a misdemeanor such as driving while intoxicated only when the offense is committed in
the view or presence of the arresting officer.


 Warrick v. State, 634 S.W.2d 707, 709
(Tex.Crim.App. 1982). In this instance, no officer saw Appellant actually driving the
vehicle. However, an arrest for driving while intoxicated is not necessarily invalid merely
because the arresting officer did not see an accused drive his car; the defendant may still be
subject to a public intoxication charge. The arrest may still be valid where the crime for
which he was arrested and the crime for which there was probable cause to believe he
committed are closely related and there is no proof of sham or fraud. Id. The arrest is not
invalid merely because the officer labels the offense “driving while intoxicated.” See Jones
v. State, 949 S.W.2d 509, 515-16 (Tex.App.--Fort Worth 1997, no pet.).
           Appellant maintains that there was no probable cause to arrest him for public
intoxication because it was not shown that Appellant was intoxicated to the degree that he
was a danger to himself or others. A person commits the offense of public intoxication if he
appears in a public place while intoxicated to the degree that he may endanger himself or
another. Tex. Penal Code Ann. § 49.02(a) (Vernon 2003). The danger need not be
immediate; it is sufficient to constitute the offense if the accused renders himself or others
subject to potential danger. Gallagher v. State, 778 S.W.2d 153, 154 (Tex.App.--Houston
[1st Dist.] 1989, no pet.). The issue revolves around whether a reasonably prudent officer’s
knowledge at the time would lead one to believe that an offense was committed. Id.
           In the present case, Officer Coulson was informed that Appellant had been driving
down the wrong side of the highway and ran head-on into another car. Appellant was in his
severely damaged vehicle trying to start the engine. He ignored the officers and he smelled
strongly of alcohol, had bloodshot eyes and slurred speech. He failed two sobriety tests and
he refused to give a breath sample. Further, he admitted to prior drinking. We find that the
officer had probable cause to arrest Appellant for public intoxication. See Peddicord v.
State, 942 S.W.2d 100, 109 (Tex.App.--Amarillo 1997, no pet.); Elliott v. State, 908 S.W.2d
590, 592 (Tex.App.--Austin 1995, pet. ref’d).
           Next, Appellant asserts that Officer Valdez did not have the right to detain Appellant
pending Officer Coulson’s arrival. The Court of Criminal Appeals has recognized three
types of interactions between law enforcement officers and citizens: (1) encounters; (2)
investigative detentions; and (3) arrests. State v. Perez, 85 S.W.3d 817, 819 (Tex.Crim.App.
2002). In an encounter, a police officer may approach an individual in a public place, ask
if the person is willing to answer questions, and pose questions to the person if the person
is willing to listen. Id. Such interactions are consensual and do not trigger the Fourth
Amendment so long as a reasonable person would feel free to disregard the police and go
about his business. Hunter v. State, 955 S.W.2d 102, 104 (Tex.Crim.App. 1997). However,
when questioning becomes an investigative detention, the detention must be supported by a
reasonable suspicion. Citizen v. State, 39 S.W.3d 367, 370 (Tex.App.--Houston [1st Dist.]
2001, no pet.).
           An investigative detention requires an officer to have a reasonable suspicion to believe
that an individual is involved in criminal activity. Balentine v. State, 71 S.W.3d 763, 768
(Tex.Crim.App. 2002). The “reasonableness” of a temporary detention must be examined
in terms of the totality of the circumstances and will be justified when the detaining officer
has specific articulable facts, which, taken together with rational inferences from those facts,
lead him to conclude that the person detained actually is, has been, or soon will be engaged
in criminal activity. Id. The controlling question in determining whether there was a
detention is whether the actions of the officer would have made a reasonable person feel they
were not free to decline the officer’s requests or otherwise terminate the encounter. State v.
Velasquez, 994 S.W.2d 676, 679 (Tex.Crim.App. 1999).
           The State maintains that Appellant was not under detention until the arrival of Officer
Coulson; as such, the interplay between Appellant and Officer Valdez was a mere encounter
and it did not constitute an investigatory detention. The State argues that Officer Valdez
merely stood by the truck awaiting the arrival of Officer Coulson. However, to the extent
that Appellant was being detained awaiting the performance of sobriety tests by Officer
Coulson, we find that Appellant’s detention was permissible. We note that Officer Valdez
was investigating a head-on collision. Appellant was sitting in one of the vehicles that was
involved in the accident. Appellant was identified as the one at fault in the collision. Officer
Valdez smelled a strong odor of alcohol about Appellant and Appellant was trying to start
his vehicle and put it into gear. He ignored Officer Valdez when he told Appellant to exit
the vehicle. We find that Appellant’s detention was supported by a reasonable suspicion that
Appellant was committing the offense of public intoxication. See Jones, 949 S.W.2d at 516. 
Issue No. One is overruled.
           In Issue No. Three, Appellant argues that the trial court erred by admitting into
evidence State’s Exhibit Seven, a prior driving while intoxicated conviction, because the
conviction in that case had been set aside and the information had been dismissed. State’s
Exhibit Seven was a packet of documents indicating that Appellant was convicted of driving
while intoxicated in cause number MB91-23540-G on April 27, 1993. The offense occurred
on November 10, 1991. Appellant placed into evidence a document indicating that this cause
had been dismissed upon the successful completion of probation. However, we note that the
trial court was not authorized to dismiss driving while intoxicated convictions upon the
successful completion of probation. Therefore, the order dismissing Appellant’s conviction
is void and had no effect upon the ability of the State to use that conviction to enhance
Appellant’s present driving while intoxicated conviction. See Mahaffey v. State, 937 S.W.2d
51, 53-55 (Tex.App.--Houston [1st Dist.] 1996, no pet.). Issue No. Three is overruled.
           In Issue No. Four, Appellant contends that the court erred in permitting the State to
reopen and introduce evidence after the arguments had concluded in violation of Article
36.02 of the Texas Code of Criminal Procedure. This article provides:
The court shall allow testimony to be introduced at any time before the
argument of a cause is concluded, if it appears that it is necessary to a due
administration of justice.

           Tex. Code Crim. Proc. Ann. art. 36.02 (Vernon 1981).
           Initially, we will address the State’s contention that this article applies only to jury
trials and has no application in a trial to the court. The State cites Case v. State, 624 S.W.2d
348, 350 (Tex.App.--Dallas 1981, no pet.) to support its contention. In Case, the court held
that Article 36.02 did not apply to a trial to the court and cited Reed v. State, 500 S.W.2d 497,
499-500 (Tex.Crim.App. 1973) to support its holding. In Reed, the prosecutor failed to read
the enhancement portion of the indictment and the court failed to take the defendant’s plea
to the enhancement at a penalty stage of trial which was to the court. This was in apparent
contravention of Tex. Code Crim. Proc. Ann. art. 36.01(1) (Vernon 1981). The Court of
Criminal Appeals reasoned that as Article 36.01 was found in the chapter of the Code of
Criminal Procedure entitled “Trial by Jury,” Article 36.01(1) was inapplicable to a penalty
stage of trial held to the court. Reed, 500 S.W.2d at 499-500. However, we note that there
is authority that Article 36.02 applies to revocation of probations proceedings, a form of trial
to the court. Cantu v. State, 662 S.W.2d 455, 458 (Tex.App.--Corpus Christi 1983, no pet.). 
Further, early case law interpreting the statute indicated that it was error to allow the
introduction of evidence after the conclusion of argument regardless of whether the trial was
to the jury or to the court. Lockett v. State, 55 S.W. 336 (Tex.Crim.App. 1900).



           Article 36.02 marks the limit beyond which no court is authorized to allow the
introduction of testimony. See Williams v. State, 35 Tex.Crim. 183, 32 S.W. 893, 894 (1895)
(construing substantially identical predecessor statute). Accordingly, a trial court errs by
permitting additional testimony after the arguments of the parties have been concluded. See
Reed v. State, 76 Tex.Crim. 335, 174 S.W. 1065, 1066 (1915); Lockett, 55 S.W. at 336; Ming
v. State, 24 S.W. 29 (Tex.Crim.App. 1893).
           However, no error is categorically immune to harmless error analysis except for
federal constitutional errors deemed structural by the United States Supreme Court. See Cain
v. State, 947 S.W.2d 262, 264 (Tex.Crim.App. 1997). In Reed, the court concluded that the
defendant was not harmed by the untimely reopening of testimony establishing legal
authority to hold court in a hotel because the additional testimony had no bearing on the
defendant’s guilt or innocence. See Reed, 174 S.W. at 1066 (reversing on other grounds);
compare Williams, 32 S.W. at 894 which reversed the case when testimony was reopened to
permit proof of the murder victim’s identity. While the district court violated Article 36.02
by reopening testimony when it did, we do not believe that this was constitutional error,
much less one that adversely affected the entire framework of the trial. See Arizona v.
Fulminante, 499 U.S. 279, 309-10, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991); Tate v. State,
988 S.W.2d 887, 890 (Tex.App.--Austin 1999, pet. ref’d). We conclude that the court’s error
was one that must be disregarded unless it affected a substantial right. See Tex. R. App. P.
44.2(b).
           “A substantial right is affected when the error had a substantial and injurious effect
or influence in determining the jury’s verdict.” King v. State, 953 S.W.2d 266, 271
(Tex.Crim.App. 1997). We are convinced that Appellant’s substantial rights were adversely
affected by the error. Absent the evidence concerning the enhancement paragraphs, the court
could only have convicted Appellant of misdemeanor DWI. This could only have had a
substantial and, from Appellant’s point of view, injurious influence on the verdict. Issue No.
Four is sustained.
           In Issue No. Two, Appellant contends that the evidence is legally and factually
insufficient to support the conviction. In reviewing the legal sufficiency of the evidence, we
are constrained to view the evidence in the light most favorable to the judgment to determine
whether any rational trier of fact could find the essential elements of the offense, as alleged
in the application paragraph of the charge to the jury, beyond a reasonable doubt. Jackson
v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Butler v. State, 769 S.W.2d
234, 239 (Tex.Crim.App. 1989); Humason v. State, 728 S.W.2d 363, 366 (Tex.Crim.App.
1987). More particularly, sufficiency of the evidence should be measured by the elements
of the offense as defined by the hypothetically correct jury charge for the case. Malik v.
State, 953 S.W.2d 234, 239-40 (Tex.Crim.App. 1997).
           Our role is not to ascertain whether the evidence establishes guilt beyond a reasonable
doubt. Stoker v. State, 788 S.W.2d 1, 6 (Tex.Crim.App. 1989), cert. denied, 498 U.S. 951,
111 S.Ct. 371, 112 L.Ed.2d 333 (1990); Dwyer v. State, 836 S.W.2d 700, 702 (Tex.App.--El
Paso 1992, pet. ref’d). We do not resolve any conflict in fact, weigh any evidence or
evaluate the credibility of any witnesses, and thus, the fact-finding results of a criminal jury
trial are given great deference. Menchaca v. State, 901 S.W.2d 640, 650-52 (Tex.App.--El
Paso 1995, pet. ref’d); Adelman v. State, 828 S.W.2d 418, 421 (Tex.Crim.App. 1992);
Matson v. State, 819 S.W.2d 839, 843 (Tex.Crim.App. 1991); Leyva v. State, 840 S.W.2d
757, 759 (Tex.App.--El Paso 1992, pet. ref’d); Bennett v. State, 831 S.W.2d 20, 22
(Tex.App.--El Paso 1992, no pet.). Instead, our only duty is to determine if both the explicit
and implicit findings of the trier of fact are rational by viewing all the evidence admitted at
trial in the light most favorable to the verdict. Adelman, 828 S.W.2d at 421-22. In so doing,
we resolve any inconsistencies in the evidence in favor of the verdict. Matson, 819 S.W.2d
at 843, quoting Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988). The trier of
fact, not the appellate court, is free to accept or reject all or any portion of any witness’s
testimony. Belton v. State, 900 S.W.2d 886, 897 (Tex.App.--El Paso 1995, pet. ref’d).
           Appellant argues that the evidence is legally insufficient because there was no
evidence at trial that Appellant drove the vehicle. Furthermore, even if Appellant was
intoxicated when the officers arrived, there was no indication of when the accident occurred. 
First, we note that the evidence indicated that the accident had occurred shortly before
Officer Valdez’s arrival given the fact that the crowd was rushing toward the accident. Also,
the stipulation was admitted into evidence that Appellant was driving the vehicle that was
involved in the accident. Given this evidence, we find that the evidence is legally sufficient
to support the conviction with regard to the elements of having operated the vehicle and
Appellant’s intoxication. However, as discussed previously, the evidence before the court
was insufficient to support a conviction for felony DWI as the evidence concerning the prior
convictions was not before the court at the guilt-innocence stage of trial.
           In conducting a factual sufficiency review, we view the evidence in a neutral light and
set aside the fact finder’s verdict only if (1) the evidence supporting the verdict, when
considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt;
or (2) evidence contrary to the verdict is strong enough that the beyond-a-reasonable-doubt
standard could not have been met. Zuniga v. State, 144 S.W.3d 477, 484-85 (Tex.Crim.App.
2004). However, our factual sufficiency review must be appropriately deferential so as to
avoid substituting our judgment for that of the fact finder. Clewis v. State, 922 S.W.2d 126,
133 (Tex.Crim.App. 1996). Accordingly, we are authorized to set aside the jury’s finding
of fact only in instances where it is manifestly unjust, shocks the conscience, or clearly
demonstrates bias. Id. at 135. If the evidence is factually insufficient, we remand to the trial
court for a new trial. Id. at 133-35.
           In this case, we find that the evidence is quite strong that Appellant was intoxicated
and he was operating the vehicle. The fact finder’s determination is not manifestly unjust,
nor does it shock the conscience, or clearly demonstrate bias. However, the evidence does
not support felony DWI because the evidence of the prior convictions was not before the
court at the guilt-innocence stage of trial. Accordingly, Issue No. Two is sustained.
           Because we hold that the evidence is legally insufficient to support a conviction of
felony DWI but legally sufficient to support conviction of the lesser-included offense of
misdemeanor DWI, we reform the judgment to reflect conviction of the misdemeanor
offense. We affirm the conviction as reformed, but we reverse and remand this case for a
new trial on punishment. See Davis v. State, 89 S.W.3d 725, 731-32 (Tex.App.--Corpus
Christi 2002, no pet.).
 
                                                                  RICHARD BARAJAS, Chief Justice
April 14, 2005

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)