IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







PD-0869-05






FRANCISCO RODRIGUEZ, Appellant



v.



THE STATE OF TEXAS






On Discretionary Review of Case 08-03-00459-CR of the


Eighth Court of Appeals,


Dallas County






 Per curiam.



 We granted review of a decision that, in a trial without a jury, the trial court erred in
permitting the evidence to be reopened after the argument was concluded. We shall remand the
case to the Court of Appeals to decide the issue of whether the argument was concluded.

In the Trial Court


 In the case now before us, the appellant was accused of driving while intoxicated and of
having been convicted twice previously of such offenses, which enhanced to a felony an offense
that would otherwise be a misdemeanor. (1) The case was tried, without a jury, on three days that
were widely separated.

 The first and most extensive evidence of guilt in the trial was presented in a pre-trial
hearing on the appellant's motion to suppress evidence. The State called two police officers, each
of whom described what he saw and heard at the scene of a motor-vehicle accident. One of the
officers also testified about some tests for intoxication that the appellant attempted at the scene of
the accident, and about some other tests (including an Intoxilyzer) that were recorded on
videotape at the jail. The trial court denied the motion to suppress evidence.

 Ten months later the parties agreed to have the court try the case without a jury. The
appellant pleaded not guilty. The State introduced all the testimony from the hearing on the
motion to suppress evidence. It also introduced the videotape recording from the jail. The court
received a written stipulation in which the parties agreed that an individual would testify that, at
the time and place alleged, he was "involved in a two car automobile accident" and the appellant
"was operating the other motor vehicle involved in this accident." The court recessed the trial for
another month.

 When the trial resumed, the parties offered no further evidence, and the court closed the
evidence. The State made no opening argument.

 The appellant made an argument in three sentences, two of which asked the court to find
the appellant not guilty. The third sentence was "an alternative argument; and it is that the Court,
under the evidence as it is now, should find the defendant guilty only of the offense of driving
while intoxicated, misdemeanor offense, first offense." He did not explain why the court should
convict for only the lesser offense.

 The State spoke one sentence of closing argument, asking that the court find the appellant
guilty.

 Then the Court said, "One thing I don't recall is, was evidence offered for the case in
paragraphs?"

 The State asked, "Maybe -- can we go off the record, please?"

 The court granted the request, and there was a recess, after which the State said, "I would
request to reopen."

 Over the appellant's objection, the court granted the request, saying: "And it's always my
policy if the defense or the State wants to reopen, especially on a TBC [trial before the court],
that I just allow it  that's just my standard practice. And if it's beyond the point when the law
says it can happen in this case then -- I don't think it is, but if it is I'll let the Court of Appeals
tell me it is because I don't think it is at this point."

 The court then received evidence of the two prior convictions, found the appellant guilty
of the felony offense, assessed punishment of five years in prison and a $500 fine, and suspended
the imposition of the sentence for three years.

In the Court of Appeals 


 The appellant presented four issues to the Court of Appeals: (1) Evidence of his guilt
should have been excluded because it was illegally obtained. (2) The evidence that he operated a
motor vehicle was legally insufficient. (3) The evidence of one of his prior convictions was both
inadmissible and insufficient because it was a case in which the conviction had been set aside
under a section of the Community Supervision Statute, and therefore the trial court should be
instructed to enter a judgment of conviction for a misdemeanor offense with only one prior
conviction. (4) Allowing the State to present evidence after the arguments had concluded was
error. (2)

 The Court of Appeals rejected the first three issues and sustained the fourth. It said:

  Article 36.02 of the Texas Code of Criminal Procedure  provides:


 The court shall allow testimony to be introduced at any time before the
argument of a cause is concluded, if it appears that it is necessary to a due
administration of justice.


 Initially, we will address the State's contention that this article applies
only to jury trials and has no application in a trial to the court. The State cites
Case v. State, 624 S.W.2d 348, 350 (Tex. App. -- Dallas 1981, no pet.) to support
its contention. In Case, the court held that Article 36.02 did not apply to a trial to
the court and cited Reed v. State, 500 S.W.2d 497, 499-500 (Tex. Crim. App.
1973) to support its holding. In Reed, the prosecutor failed to read the enhancement portion of the indictment and the court failed to take the defendant's plea to
the enhancement at a penalty stage of trial which was to the court. This was in
apparent contravention of Tex. Code Crim. Proc. Ann. art. 36.01(1) (Vernon
1981). The Court of Criminal Appeals reasoned that as Article 36.01 was found in
the chapter of the Code of Criminal Procedure entitled "Trial by Jury," Article
36.01(1) was inapplicable to a penalty stage of trial held to the court. Reed, 500
S.W.2d at 499-500. However, we note that there is authority that Article 36.02
applies to revocation of probations proceedings, a form of trial to the court. Cantu
v. State, 662 S.W.2d 455, 458 (Tex. App. -- Corpus Christi 1983, no pet.).
Further, early case law interpreting the statute indicated that it was error to allow
the introduction of evidence after the conclusion of argument regardless of
whether the trial was to the jury or to the court. Lockett v. State, 55 S.W. 336
(Tex. Crim. App. 1900).

 Article 36.02 marks the limit beyond which no court is authorized to allow
the introduction of testimony. See Williams v. State, 35 Tex. Crim. 183, 32 S.W.
893, 894 (1895) (construing substantially identical predecessor statute). Accordingly, a trial court errs by permitting additional testimony after the arguments of
the parties have been concluded. See Reed v. State, 76 Tex. Crim. 335, 174 S.W.
1065, 1066 (1915); Lockett, 55 S.W. at 336; Ming v. State, 24 S.W. 29 (Tex.
Crim. App. 1893). (3)


 The Court of Appeals also made a fifth holding on an issue that the appellant had not
raised: that "the evidence does not support felony DWI because the evidence of the prior
convictions was not before the court at the guilt-innocence stage of trial." (4) It therefore reformed
the judgment of guilt to one for a misdemeanor offense and remanded the case for a new trial on
punishment.

In This Court


 The State petitioned for discretionary review of only one issue, "Is art. 36.02 of the Code
of Criminal Procedure applicable in a trial before the court?" (5) We granted review.

 As the Court of Appeals' opinion said, the statute has not been amended in substance
since 1856. (The only change was in 1965, when the initial letter of "court" became lower case.)
During this time, the proportion of trials by jury has dwindled.

 When the Sixth Legislature enacted the statute in 1856, (6) all accusations of crime were
tried before a jury, whose verdict included an assessment of punishment as well as a finding of
guilt unless the punishment was "absolutely fixed by law and beyond the discretion of the Jury to
graduate in any manner." (7) In a trial before a jury, the jurors do not ask questions during argument, and it is clear when the argument has concluded.

 In 1879, the Sixteenth Legislature limited the requirement of a jury on a plea of guilty to
felony cases. (8) After the Supreme Court held in 1930 that the Sixth Amendment was not violated
by the waiver of trial by jury in a criminal case in the federal courts, (9) the Forty-second Legislature quickly enacted a statute to permit the waiver of jury trial on guilt, as well as punishment, in
all trials in which the death penalty was not possible. (10)

 Since then, the trial by jury has become relatively infrequent. In the last state fiscal year,
ninety-eight per cent of the judgments of conviction or acquittal in the district courts were
entered without a trial by jury. (11) In the county-level courts, the figure was ninety-nine per cent. (12)

 This issue of whether Article 36.02 applies to trial without jury is important. It is not clear
that the issue is squarely before us. The subject of Article 36.02 is what a court must allow
"before the argument of a cause is concluded." We are not sure whether the argument in this case
was concluded, or how that should be determined.

 In a trial without a jury, it is not so clear as in a jury trial that the argument of a cause has
concluded. In this case the State argued, the trial court asked a question about the record, a party
asked to go "off the record," and a recess was taken. Was the argument concluded?

 On what basis can it be determined whether the argument was concluded? May a trial
court ask questions during argument, or does the court's asking of a question conclude the
argument? Is argument concluded if a party asks to speak "off the record"? Is argument concluded if a recess is taken? Is argument concluded only when the parties, or the court, say it has
been concluded? Is it concluded only if they do not say that it has not been concluded? Is it
concluded only when the court makes its finding of guilt? Is the determination that the argument
has concluded made from a totality of the circumstances, from case to case? Whatever the basis,
had the argument concluded in this case?

 We think the parties should have the opportunity to brief the issue, and the Court of
Appeals should have the opportunity to consider it. Therefore we shall remand the case to the
Court of Appeals.

 A remand also will give the parties an opportunity to brief, in light of a recent decision of
this court, (13) the fifth issue that the Court of Appeals decided (that "the evidence does not support
felony DWI because the evidence of the prior convictions was not before the court at the guilt-innocence stage of trial").

 The judgment of the Court of Appeals is vacated and the case is remanded to that court
for further consideration consistent with this opinion.


Delivered September 20, 2006.

Do Not Publish.
1. See Penal Code § 49.09(b).
2. Brief in Court of Appeals.
3. Rodriguez v. State, 08-03-099450-CR (Tex. Ct. App. -- El Paso, April 14, 2005) (not designated for
publication), at 9-11.
4. Id., at 15.
5. Petition, at iii & 3.
6. Code Crim. Proc. (1856) art. 581 ("The Court shall allow testimony to be introduced at any time before
the argument of a cause is concluded, if it appear that it is necessary to a due administration of justice").
7. Id., art. 476.
8. See Code Crim. Proc. (1879) art. 519.
9. Patton v. United States, 281 U.S. 276.
10. Act of April 9, 1931, 42nd Leg., R.S., ch. 43, 1931 Tex. Gen. Laws 65.
11. If "convictions" includes judgments of deferred adjudication, there were 157,311 judgments, of which
154,170 were entered without trial by jury, and 3,141 by verdict of a jury or directed verdict. Courts dismissed an
additional 38,781 cases, in which there was neither conviction nor acquittal. See Office of Court Administration,
Annual Report of the Texas Judicial System (2005).
12. See id. (of 341,664 judgments, 338,261 were entered without trial by jury, 3,403 by verdict of a jury or
directed verdict; courts dismissed 180,815 additional cases).
13. See Barfield v. State, 63 S.W.3d 446, 450 (Tex. Cr. App. 2001) (because the birfurcated-trial statute
expressly applies only to jury trials, the evidence presented at the "punishment stage" of a non-jury trial is considered
in deciding the sufficiency of the evidence to prove guilt).