# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00402-CR

**Joshua Glenn Allman, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 54794, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## O P I N I O N

Appellant Joshua Glenn Allman pleaded guilty to manufacturing more than 400 grams of methamphetamine. *See* Tex. Health & Safety Code Ann. § 481.112(a), (f) (West 2003). The court adjudged him guilty and imposed a sentence of twenty-five years' imprisonment and a $5000 fine. Allman's sole point of error is that the court erroneously permitted the State to introduce additional evidence after argument was concluded. We will sustain this contention and reverse the judgment of conviction.

A trial court "shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice." Tex. Code Crim. Proc. Ann. art. 36.02 (West 1981). In 1895, construing the virtually identical statutory

predecessor to article 36.02, the court of criminal appeals wrote that the statute "conveys the idea that evidence should not be introduced after the close of the argument, in as strong terms as if the legislature had said so in direct language." *Williams v. State*, 32 S.W. 893, 894 (Tex. Crim. App. 1895). The prohibition on evidence following argument is mandatory, and it applies whether the argument is made to a jury or to the court. *Lockett v. State*, 55 S.W. 336, 336 (Tex. Crim. App. 1900). More recently, the court of criminal appeals observed that article 36.02 "permits evidence to be admitted after arguments have begun, as long as the arguments have not yet concluded." *Peek v. State*, 106 S.W.3d 72, 78 (Tex. Crim. App. 2003). The statute encourages litigants "to introduce their evidence during the course of the trial rather than waiting until closing arguments." *Id*. at 79. It thereby prevents either party from seeking out additional evidence in order to counter the other party's argument.

In the cause before us, the trial court withheld its verdict and ordered a presentence report after accepting Allman's guilty plea. The presentence report disclosed that, while free on bond following his arrest in this cause, Allman was arrested in Georgia and charged with conspiring to manufacture methamphetamine and several related offenses. According to the report, Allman told the probation officer that "[t]he only thing that is pending [in Georgia] is the Driving While License Suspended charge. All of the other charges were dropped because I testified against my father-in-law, who was actually the one making it." The probation officer had contacted the Georgia prosecutor, however, and had been informed that "[a]ll of the charges are pending and the case is being prepared for Court."

When trial resumed six weeks after the guilty plea, Allman and his mother testified regarding his desire to rehabilitate his life and his suitability for probation. He was also questioned about the Georgia case. Allman testified that he had traveled to his in-laws' residence in Georgia to visit his son, and that he had been arrested merely because he was present when the police arrived to execute a search warrant. Allman testified that he had nothing to do with his in-laws' unlawful activities and was cooperating with the Georgia prosecutors. After Allman and his mother testified, both sides rested and closed.

The State waived its opening argument. Defense counsel argued that Allman deserved a second chance, citing his cooperation with the Georgia authorities, and urged the court to place Allman on probation. In his closing argument, the prosecutor argued that Allman's testimony was not worthy of belief and urged the court to impose a prison sentence. After the arguments were concluded, the court ordered Allman to immediately report for a drug test and took the noon recess.[1]

Trial resumed two-and-a-half hours later. The prosecutor told the court that he had spoken to the Georgia prosecutor during the recess: "I told her the entire story the defendant gave in his direct examination and cross exam. She said the only grain of truthfulness to any of that was the fact that he is charged down there. She said the rest of it is nothing but a lie." The prosecutor added, "I'd like an opportunity to question the defendant about some facts I just learned. So if we're

---

[1] The test was negative.

3

going to go forward, I'd like to call him back to the stand." Defense counsel objected, "The State has rested on the matter and we were at—both parties have rested on the sentencing portion of it so I would object to any more questioning since the State rested their case of this defendant." The court stated, "[M]y concern was to ask both State and Defense to get a hold of the State in the other case to see if what the defendant said was in fact true, because it would make a difference as to—or possibly could make a difference as to what this Court would do." The court overruled Allman's objection and, after establishing for the record that neither the defense nor the court was calling him, permitted the State to call Allman for further testimony.

The prosecutor asked Allman a series of questions regarding the details of the Georgia offenses that were obviously based on information he had received from the Georgia prosecutor. In this manner, the prosecutor was able to establish that Allman's involvement in the Georgia methamphetamine operation was more extensive than his earlier testimony had suggested. After additional short questioning by defense counsel and by the court, and after both sides gave brief additional argument, the court adjudged Allman guilty and imposed sentence.

The State argues that Allman did not preserve his article 36.02 complaint because he objected to the additional testimony on the ground that both sides had closed, rather than on the ground that argument had been concluded. "The standards of procedural default . . . are not to be implemented by splitting hairs in the appellate court." *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992). We believe that Allman's objection was sufficiently clear under the circumstances to make the court aware of his complaint that it was too late for further testimony. *Id.*; Tex. R. App. P. 33.1(a). The alleged error was preserved for appeal.

4

As to the merits of Allman's point of error, the State argues that article 36.02 was not violated because argument had not concluded. The State notes that the court ordered Allman to submit to a urine test without objection. The State also claims that the court "requested further information about the out of state case pending against Appellant." The State concludes, "Clearly this matter had not concluded in the trial court's opinion or in [the] opinion of counsel in the case. Further evidence was going to be heard and with it the opportunity for further argument."

If the trial court believed that a drug test or additional information regarding the Georgia allegations was material evidence, it should have sought out this information before allowing the parties to conclude their arguments.[2] A trial court does not err by reopening for further evidence before arguments conclude provided the evidence is material. *Peek*, 106 S.W.3d at 79. But it is clear from the record that both parties had concluded their arguments before the court admitted the additional evidence. Whatever the trial court might have believed or desired, article 36.02 prohibited further evidence at that point in the proceeding. As the court wrote in *Williams*:

> There must be an end to the introduction of evidence somewhere . . . . [W]e believe that the administration of justice is best conserved by adhering to the plain rules of law as enunciated by our statute. . . . [T]he object and purpose of [article 36.02] was to mark the limit beyond which no court should be authorized to allow the introduction of testimony.

---

[2] We believe that the receipt of the drug test result after the conclusion of arguments was also a violation of article 36.02, but Allman's failure to object precludes him from raising it.

32 S.W. at 894. We are not persuaded by the State's argument that there was no error because the court wanted to hear more testimony following the conclusion of argument. Article 36.02 makes it clear that the court had no discretion or authority to admit evidence after the close of argument.

Nor are we persuaded by the State's argument that no error is presented because both parties were permitted further argument after the new testimony was adduced. This argument is contrary to the object and purpose of the statute as explained in *Williams*. The close of argument would no longer clearly mark the point beyond which no further evidence is allowed. Instead, evidence could be reopened repeatedly and further testimony adduced so long as the parties were each given an additional opportunity to argue. Simply put, this is not what the statute says.

Finally, the State argues that "the due administration of justice required a challenge of Appellant's testimony." The State relies on the opinion in *Peek*, in which the court held that the phrase "due administration of justice" in article 36.02 means that "a judge should reopen the case if the [additional] evidence would materially change the case in the proponent's favor." 106 S.W.3d at 79. But the issue in *Peek* was whether the trial court should have granted a request to reopen testimony that was made *before* argument. *See id*. at 73-74. *Peek* does not hold that the "due administration of justice" warrants reopening for further testimony *after* argument is concluded.

We understand that a bench trial, particularly a bench trial on a plea of guilty, is often conducted with less formality than a jury trial. But even a bench trial must be conducted in accordance with applicable procedural statutes and rules. The trial court in this cause permitted the State to introduce further evidence after both parties had concluded argument in clear violation of article 36.02. As the State itself argues in its brief, the additional testimony was such as to materially

6

change the case in the State's favor. We conclude that the court's error affected Allman's substantial rights and cannot be disregarded. Tex. R. App. P. 44.2(b).

The judgment of conviction is reversed and the cause is remanded for a new trial.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Reversed and Remanded

Filed:   May 5, 2005

Publish

7