COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



FRANCISCO RODRIGUEZ,


 Appellant,


v.



THE STATE OF TEXAS, 


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-03-00459-CR



Appeal from the


265th Judicial District Court


of Dallas County, Texas 


(TC# F-0248638-R) 



O P I N I O N ON REMAND


 Francisco Rodriguez appealed his conviction for felony DWI. We reversed, reformed the
conviction to a misdemeanor, and remanded for a new trial on punishment. The State filed a
petition for discretionary review, which was granted. The Court of Criminal Appeals remanded
for this Court to consider whether argument had ended, and give the parties an opportunity to
brief whether the holding in Barfield, impacted the holding in this case. Barfield v. State, 63
S.W.3d 446 (Tex.Crim.App. 2001).

 Appellant waived his right to a jury trial, and pled not guilty to the charged offense of
felony driving while intoxicated. On August 16, 2002, a hearing was held on Appellant's motion
to suppress, which was denied. At trial, the State asked the court to consider all the evidence
presented at the hearing on the motion to suppress, and admitted a videotape of Appellant in the
intoxilizer room and Appellant's stipulation of evidence. The trial was then reset for July 11,
2003. The State presented no further evidence, while the defense stated that they had requested
the court to view the previously admitted videotape that being the only evidence they had to
offer. Both sides closed. The following exchange occurred:

 THE COURT: Arguments?


 MR. WARREN: State will reserve, Your Honor.


 MR. BRUDER: Judge, based on the videotape, we believe
that there is evidence, that there is a
reasonable doubt with respect to the
evidence as regards the issue of intoxication. 
And we request that the Court find the
defendant not guilty of the offense as
charged in the indictment. If the Court does
not agree with that position, we have an
alternative argument; and it is that the Court,
under the evidence as it exists now, should
find the defendant guilty only of the offense
of driving while intoxicated, misdemeanor
offense, first offense.


 MR. WARREN: Yes, sir. Just briefly, Your Honor. In
regards to the facts of the case, the defendant
was driving on the wrong side of Loop 12, a
major freeway here in Dallas, the fact -- the
testimony that the officers gave as well as
the stipulated testimony of Mr. Washington,
the State would ask that you do find the
defendant guilty beyond a reasonable doubt
of the offense of driving while intoxicated. 


 THE COURT: One thing I don't recall is, was evidence
offered for the case in paragraphs? 


 MR. WARREN: Maybe -- can we go off the record, please? 


 THE COURT: Yes. Off the record.


(Recess was taken).


 MR. WARREN: I would request to reopen.


The request was granted over Appellant's objections. The State proceeded to introduce evidence
of Appellant's prior DWI convictions. The State and Appellant closed again without presenting
any further arguments. The court found him guilty of driving while intoxicated, a third offense. 
The court then asked if either side had any further evidence, arguments, or agreements to present
concerning the appropriate punishment in the case. An agreed punishment was presented to the
court, which the court accepted, and sentenced Appellant to five years' in the penitentiary,
probated for three years, and a fine of $500.

 On appeal, this Court held that the trial court erred by permitting the State to reopen and
introduce evidence after the arguments had concluded in violation of Article 36.02 of the Texas
Code of Criminal Procedure, and that there was insufficient evidence to support a felony DWI
because evidence of the prior convictions was not before the court during the guilt-innocence
stage of trial. Rodriguez v. State, No. 08-03-00459-CR, 2005 WL 856894, at *5-8 (Tex.App.--El Paso, Apr. 14, 2005, pet. granted)(not designated for publication). The Court of Criminal
Appeals vacated that judgment, and remanded the case to this Court to determine whether
argument in the case had been concluded, and to give the parties an opportunity to brief whether
the holding that the evidence does not support a felony DWI conviction is impacted by the
decision in Barfield. Rodriguez v. State, No. PD-0869-05, 2006 WL 2706859, at *3-4
(Tex.Crim.App. Sept. 20, 2006)(not designated for publication); Barfield, 63 S.W.3d at 450.

 Article 36.02 provides that the court shall allow testimony to be introduced at any time
before the argument of a cause is concluded, if it appears that it is necessary to a due
administration of justice. Tex.Code Crim.Proc.Ann. art. 36.02 (Vernon 2007). The purpose of
the article was to mark the limit beyond which no court should be authorized to allow the
introduction of evidence. See Williams v. State, 35 Tex.Crim. 183, 32 S.W. 893, 894
(Tex.Crim.App. 1895), rev'd on other grounds, 37 Tex.Crim. 348, 39 S.W. 687 (Tex.Crim.App. 
1897). Evidence cannot be introduced after close of argument, whether argument is made alone
to the court or to the court and jury. Lockett v. State, 55 S.W. 336 (Tex.Crim.App. 1900). The
prohibition is mandatory, and it is reversible error to introduce evidence after the argument of
counsel is closed. Id. at 336. The principal question in this case, and which was remanded to be
answered, is had argument concluded. The trial court's decision to reopen a case pursuant to
Article 36.02 is reviewed under an abuse of discretion standard. Reeves v. State, 113 S.W.3d
791, 794 (Tex.App.--Dallas 2003, no pet.). If argument had concluded, the trial court erred by
allowing additional evidence to be introduced, and if it has not concluded, then it must be
allowed if the due administration of justice requires it. Tex.Code Crim.Proc.Ann. art. 36.02;
Reeves, 113 S.W.3d at 794. How each case is conducted varies depending on the judge and the
attorneys participating. Due to this, we believe that the determination of whether argument had
ended must be made on a case-by-case basis. The reviewing court must examine the records as a
whole in light of the totality of the circumstances of the trial. It should often be readily apparent
that argument has ended or still ongoing. Once a court begins the deliberation process in a
unitary trial, argument has most certainly ended.

 At trial, the State asked the court to consider the evidence, which had been presented at
the motion to suppress hearing, and introduced a videotape along with a stipulation of evidence. 
The trial was continued until July 11, 2003. When trial resumed, the State had no further
evidence to present. Appellant offered no evidence other than the videotape, which had been
introduced by the State. Appellant rested his case at which point the State and Appellant closed. 
The court asked for arguments from counsel. Counsel for the defendant argued followed by the
State's closing arguments. After the State's argument, the court asked if "evidence [was] offered
for the case in paragraphs?" The State requested to go off the record, and after a recess was
taken, asked to reopen, which was allowed over Appellant's objections. The State put on
evidence of Appellant's prior DWI convictions. The court proceeded to find Appellant guilty of
the offense. After the finding of guilt, the trial court asked for any further evidence, arguments,
or agreements to present concerning punishment. An agreed punishment was offered and
accepted by the trial court after a brief discussion. The court then pronounced the sentence.

 The State acknowledges that argument had ended, but argues that it was only concerning
the "guilt phase," and that the unitary proceeding was still ongoing. However, in a unitary trial,
the issues of guilt and punishment are submitted at the same time. Barfield, 63 S.W.3d at 448-49. The facts in this case are distinguishable from those in Barfield, in that the parties were not
treating it as a bifurcated trial. In Barfield, after the parties had rested, the trial court asked when
the enhancement paragraphs are proven up, to which the State responded only after there is a
guilty verdict. Barfield, 63 S.W.3d at 448. There was no such distinction mentioned in this case. 
The record shows that the parties concluded their arguments, but were then asked by the court if
evidence had been presented regarding the enhancement paragraphs. The prosecutor requested to
reopen, realizing that evidence had not been presented. However, with argument in a unitary trial
having been concluded, the court could no longer allow further evidence to be presented. 
Tex.Code Crim.Proc.Ann. art. 36.02. There must be an end to the introduction of evidence
somewhere. Williams, 32 S.W. at 894. It is clear that both parties' arguments had ended, and
Article 36.02 prohibited further evidence at this point in the proceeding. Allman v. State, 164
S.W.3d 717, 720-21 (Tex.App--Austin 2005, no pet.). It was error to allow the State to reopen.

 Having found that argument in the case had ended, we also find that the holding in
Barfield is not applicable since no further evidence could be presented after arguments had
concluded. Tex.Code Crim.Proc.Ann. art. 36.02. Accordingly, we again find the evidence
does not support a felony DWI conviction, and will remand the case to the trial court for a new
trial on punishment for the offense of misdemeanor DWI. See Rodriguez, 2005 WL 856894 at
*6-8.

 We find that argument had concluded, and Barfield is not applicable in this case.



April 10, 2008

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)