

## IN THE
## TENTH COURT OF APPEALS

### No. 10-13-00274-CR

**MARCUS GUTIERREZ,**

                                                                        **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                        **Appellee**

### From the 85th District Court
### Brazos County, Texas
### Trial Court No. 10-05655-CRF-85

## MEMORANDUM  OPINION

In two issues, appellant, Marcus Gutierrez, challenges his conviction for aggravated robbery, a first-degree felony. *See* TEX. PENAL CODE ANN. § 29.03(a)(2), (b) (West 2011).[1]  Appellant alleges that the trial court erred in denying his motion for new

---

[1] The judgment in this case reflects that appellant was convicted under section 29.03(2)(B) of the Texas Penal Code—a statutory provision that does not exist.  Based on our review of the record, the judgment should reflect that appellant was convicted under section 29.03(a)(2) of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2011); *see also* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27-28 (Tex. Crim. App. 1993) (concluding that an appellate court has authority to reform a judgment to include an affirmative finding to make the record speak the truth when the matter has been called to its attention by any source).  We modify the judgment to reflect as such.

trial, and that his trial counsel did not provide effective assistance of counsel. More specifically, appellant's complaints center on the fact that physical evidence went missing after the jury started deliberating. Because we find no harmful error, we affirm as modified.

## I. BACKGROUND

In the instant case, appellant was charged by indictment with aggravated robbery, which pertained to an incident transpiring on or about October 26, 2010, at a Holiday Inn Express hotel located in Brazos County, Texas. Included in the indictment were references to two of appellant's prior felony convictions—a 1987 conviction for robbery and a 1991 conviction for theft.

On the day of trial, appellant pleaded guilty to the charged offense and pleaded "true" to the enhancement paragraphs contained in the indictment. After admonishing appellant, the trial court accepted appellant's guilty pleas, and the case proceeded to punishment before a jury. During the punishment phase, the State and appellant called numerous witnesses to testify.

Cody Rollison testified that he was working at the front desk of the hotel on the night of the incident. Rollison recalled that a Hispanic male wearing a blue t-shirt, blue jeans, and work boots with stains on them walked into the hotel on that night. Rollison noted that the male had tattoos and looked as though he had been working. Shortly after entering the hotel, the male rushed at Rollison while wearing a cover over his head and brandishing a knife. The male threatened to kill Rollison and ordered Rollison to give him all of the cash contained in the cash drawer. Rollison complied, and the male

told Rollison "Don't call the cops. If you call the cops, I'm going to kill you. Don't come from behind the desk, I'll kill you." Eventually, the male left, and Rollison called the police and his manager.

Ben Hernandez, the general manager of the Holiday Inn Express, arrived at the scene and reviewed surveillance tapes of the incident. Hernandez testified that he knew appellant because appellant had worked for several years as a maintenance worker for Hernandez and his father. After reviewing the surveillance videos, Hernandez immediately recognized the robber as appellant.

Now knowing who to look for, police obtained search warrants to search appellant's house and vehicle. After initiating a traffic stop of appellant's vehicle, police found a roll of quarters, which police determined to be from the Holiday Inn Express cash drawer, a sheetrock saw that matched the weapon used in the robbery, and a head cover also used in the robbery. Additionally, after searching appellant's house, police discovered the clothing from the robbery.

During trial, the State tendered various pieces of physical evidence, including a car-seat cover that was allegedly used to cover appellant's head and appellant's t-shirt, blue jeans, and shoes used during the robbery. These items, in particular, were placed on a mannequin by the State during the punishment phase to demonstrate how they were worn by appellant. Appellant did not object to the admission of these items into evidence.

After closing arguments, the jury retired to deliberate. After only one hour of deliberations, the jury assessed punishment at sixty years' incarceration in the

Institutional Division of the Texas Department of Criminal Justice. Thereafter, appellant filed motions for new trial and in arrest of judgment, arguing that the trial court must grant him a new trial because the car-seat cover and appellant's t-shirt, blue jeans, and shoes were admitted into evidence, yet were lost and not provided to the jury during deliberations. The trial court conducted a hearing on appellant's motions.

At the hearing, Paula Frederick, the court reporter for the 85th Judicial District Court since April 1998, noted that she normally inventories every piece of evidence at the end of each day of trial. On the night of August 29th, Frederick inventoried and accounted for all of the evidence, including the car-seat cover and appellant's t-shirt, blue jeans, and shoes. Frederick recounted that the items were left overnight in the courtroom where she sits and that the courtroom is locked by the bailiff after everyone leaves each night. However, after closing arguments had been completed, and after the jury had retired to deliberate, Frederick noticed that the car-seat cover and appellant's t-shirt, blue jeans, and shoes were missing.

Frederick later testified that she had followed the same inventory process in this case as she had done in other cases. Furthermore, Frederick stated that she later learned that the evidence was inadvertently thrown away by a courthouse custodian. Because the trash at the courthouse had already been picked up, several individuals searched the local landfill for the evidence. Despite an extensive search, the complained-of evidence was not recovered.

Other witnesses, including the prosecuting attorney and appellant's trial counsel, opined at the hearing about the necessity of the complained-of evidence. Ultimately,

the trial court denied appellant's motion for new trial and issued findings of fact and conclusions of law. Among the trial court's conclusions of law was that appellant did not prove that the complained-of evidence was a significant exhibit and "necessary to the appeal's resolution." The trial court also concluded that appellant did not prove that the exhibits cannot be replaced, especially considering the surveillance videos of the incident and photographs of the exhibits—both of which depicted the clothing that appellant wore during the robbery—were admitted into evidence. This appeal followed.

## II.     MOTION FOR NEW TRIAL

In his first issue, appellant complains that the trial court's abused its discretion by denying his motion for new trial. Specifically, appellant contends that his motion for new trial should have been granted under Texas Rule of Appellate Procedure 34.6(f) because the missing exhibits were significant and necessary to his appeal. *See* TEX. R. APP. P. 34.6(f).

### A.     Standard of Review

We review a trial court's ruling on a motion for new trial under an abuse-of-discretion standard. *See Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007). In conducting our review, we view the evidence in the light most favorable to the trial court's ruling and uphold the ruling if it is within the zone of reasonable disagreement. *Id.* (citing *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004)). "We do not substitute our judgment for that of the trial court, but rather we decide whether the trial court's decision was arbitrary or unreasonable." *Id.* "Thus, a trial court abuses its

discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling." *Id.* (citing *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004)).

**B.     Applicable Law**

An appellant is entitled to a new trial due to a missing record when: (1) the appellant has timely requested the reporter's record; (2) a significant exhibit or a significant portion of the court reporter's notes and records has been lost or destroyed without the appellant's fault; (3) the lost or destroyed portion of the reporter's record or exhibit is necessary to the appeal's resolution; and (4) "the lost [or] destroyed . . . portion of the reporter's record cannot be replaced by agreement of the parties, or the lost or destroyed exhibit cannot be replaced either by agreement of the parties or with a copy determined by the trial court to accurately duplicate with reasonable certainty the original exhibit." TEX. R. APP. P. 34.6(f); *see Cooks v. State*, 324 S.W.3d 925, 927 (Tex. App.—Waco 2010, no pet.); *see also Cann v. State*, No. 13-06-00535-CR, 2012 Tex. App. LEXIS 8744, at **21-22 (Tex. App.—Corpus Christi Oct. 18, 2012, pet. ref'd) (mem. op., not designated for publication).

If appellant fails to show that the missing exhibits are necessary to resolve the appeal, a new trial is not required. *Routier v. State*, 112 S.W.3d 554, 571-72 (Tex. Crim. App. 2003); *Isaac v. State*, 989 S.W.2d 754, 756-57 (Tex. Crim. App. 1999). Essentially, our determination of whether the exhibit is necessary to the appeal's resolution is a harm analysis. *Routier*, 112 S.W.3d at 571-72; *Isaac*, 989 S.W.2d at 757. If the missing exhibit is

not necessary for the resolution of the appeal, then the loss of that exhibit is harmless and a new trial is not required. *Routier*, 112 S.W.3d at 571-72; *Isaac*, 989 S.W.2d at 757.

## C.    Discussion

In its findings of fact and conclusions of law, the trial court recounted that the parties did not request to utilize the missing exhibits during closing arguments and that the jury did not request to review the missing exhibits. Moreover, the trial court concluded that appellant did not prove that the complained-of evidence was a significant exhibit and "necessary to the appeal's resolution" and that the exhibits cannot be replaced, especially considering the surveillance videos of the incident and photographs of the exhibits—both of which depicted the clothing that appellant wore during the robbery—were admitted into evidence. We agree.

The record reflects that appellant pleaded guilty to the charged offense; thus, appellant's guilt was undisputed.[2]  Thus, the focus of the trial was solely on punishment. At the hearing on appellant's motion for new trial, several witnesses testified and the trial court stated that the jury did not request to see the missing exhibits. Moreover, appellant's trial counsel acknowledged that he did not object to the admission of the exhibits, nor did he file a motion to suppress the admission of these exhibits. Appellant's trial counsel also admitted that the missing exhibits were accurately depicted in the surveillance video and photographs that the jury had during

---

[2] At the hearing on appellant's motion for new trial, appellant's trial counsel also acknowledged receiving audio recordings wherein appellant confessed that he committed the aggravated robbery.

deliberations.[3]  Additionally, appellant's trial counsel testified that he did not need or use the clothing exhibits during his closing argument.  In fact, in de-emphasizing the importance of the missing exhibits, appellant's trial counsel noted:  "I didn't see any way they would help me in my argument."  Appellant's trial counsel also mentioned that, in his fifteen years of practice, he had noticed that "the exhibits most of the time are not sent back unless the jury requests them."

Later, the prosecuting attorney stated that she showed the jury the missing physical evidence on a mannequin during the punishment phase of the trial and that the missing evidence was duplicated in the surveillance video and photographs.  She also noted that the prosecution could retry the case without the missing exhibits.

In *Issac v. State*, the Court of Criminal Appeals stated the following:

Rule 34.6(f)(3) specifies that a new trial may be granted only if the missing portion of the record "is necessary to the appeal's resolution."  That provision is itself a harm analysis.  If the missing portion of the record is not necessary to the appeal's resolution, then the loss of that portion is harmless under the rule, and a new trial is not required.  In enacting that provision of the rule, we necessarily rejected the contention that a missing record could never be found unnecessary to an appeal's resolution.

Further, that a kind of error may, in some (or even most) instances, result in inadequate data to determine whether harm has occurred is not sufficient justification for failing to conduct a harm analysis.  Concerning the application of the harmless error standard found in former Tex. R. App. P. 81(b)(2) (now Rule 44.2), we held "appellate courts should not foreclose entire categories of error from harmless error review merely because such errors may *generally* resist a meaningful harmless error determination."  *Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997) (emphasis in original).  We find that reasoning equally applicable to the present context.  Although the lack of a record may in some cases deprive

---

[3] With respect to the admitted photographs of appellant's clothing, appellant's trial counsel admitted that the photographs accurately showed the paint stains on the clothes that appellant wore on the night in question.

an appellate court of the ability to determine whether the absent portions are necessary to the appeal's resolution, an automatic rule of reversal is not justified.

989 S.W.2d at 757.

Relying on *Kirtley v. State*, appellant claims that the missing exhibits are "necessary to the appeal's resolution" because it prevented him from making a claim of ineffective assistance of counsel.[4] *See* 56 S.W.3d 48, 52 (Tex. Crim. App. 2001). We are not persuaded by appellant's argument, especially considering appellant admitted his guilt; other admitted evidence duplicated the missing exhibits; the jury did not request to see the exhibits during deliberations; and appellant's trial counsel admitted that he did not rely on those exhibits. Accordingly, we hold that appellant has failed to demonstrate that the missing exhibits are "necessary to the appeal's resolution"; and as such, the loss of that portion of the record is harmless under the rule. *See* TEX. R. APP. P. 34.6(f); *see also Routier*, 112 S.W.3d at 571-72; *Isaac*, 989 S.W.2d at 757. Furthermore, because we have concluded that the loss of the exhibits is harmless under the rule, we

---

[4] In 2001, the Court of Criminal Appeals, in *Kirtley v. State*, appeared to lean toward a rule that missing records will readily be determined to be necessary for resolution of an ineffective-assistance-of-counsel claim. 56 S.W.3d 48, 49-52 (Tex. Crim. App. 2001). However, in *Routier v. State*, the Court of Criminal Appeals held that speculation that a missing record may memorialize error does not satisfy the necessity requirement of Texas Rule of Appellate Procedure 34.6(f). 112 S.W.3d 554, 570 (Tex. Crim. App. 2003). More specifically, "[t]he suggestion that instructions may have been erroneous, without more, does not make that portion of the record necessary to her appeal." *Id.* Instead, Texas Rule of Appellate Procedure 34.6 requires appellant to do more than merely suggest that the missing portion of the record reveals reversible error in order for review of that portion to be necessary. *See Isaac v. State*, 989 S.W.2d 754, 757 (Tex. Crim. App. 1999). In other words, although conjecture may have been sufficient in *Kirtley*, it is not sufficient under *Routier*. See 112 S.W.3d at 570; *see also Cann v. State*, No. 13-06-00535-CR, 2012 Tex. App. LEXIS 8744, at *27 (Tex. App.—Corpus Christi Oct. 18, 2012, pet. ref'd) (mem. op. on remand, not designated for publication). And as we explain later, we do not believe that appellant's trial counsel was ineffective, even considering his response to the missing exhibits.

cannot say that the trial court abused its discretion in denying appellant's motion for new trial.[5] *See Webb*, 232 S.W.3d at 112. We overrule appellant's first issue.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

In his second issue, appellant asserts that his trial counsel was ineffective because he did not request: (1) a mistrial; (2) to re-open evidence; or (3) to withdraw appellant's guilty plea in response to the missing exhibits.

### A. Applicable Law

To prevail on a claim of ineffective assistance of counsel, an appellant must satisfy a two-prong test. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). First, appellant must show that counsel was so deficient as to deprive appellant of his Sixth Amendment right to counsel. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. Second, appellant must show that the deficient representation was prejudicial and resulted in an unfair trial. *Id.* To satisfy the first prong, appellant must show that his counsel's representation was objectively unreasonable. *Id.*; *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). To satisfy the second prong, appellant must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Thompson*, 9 S.W.3d at 812. A reasonable

---

[5] And given that we have concluded that the loss of the exhibits was harmless, we reject appellant's alternative argument that the trial court should have granted his motion for new trial "in the interest of justice." *See State v. Thomas*, No. PD-0121-13, 428 S.W.3d 99, 2014 Tex. Crim. App. LEXIS 591, at **7-11 (Tex. Crim. App. Apr. 16, 2014) ("A trial court abuses its discretion if it grants a new trial for a non-legal or a legally invalid reason. The trial court cannot grant a new trial based on mere sympathy, an inarticulate hunch, or simply because he personally believes that the defendant is innocent or received a raw deal. . . . There must be some legal basis underpinning the grant of a new trial, even if it is granted in the interest of justice." (internal quotations & citations omitted)).

probability exists if it is enough to undermine the adversarial process and thus the outcome of the trial. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068; *Mallett v. State*, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001). The appellate court looks to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of counsel. *Thompson*, 9 S.W.3d at 813. Our review is highly deferential and presumes that counsel's actions fell within a wide range of reasonable professional assistance. *Mallett*, 65 S.W.3d at 63; *Thompson*, 9 S.W.3d at 813.

The right to "reasonably effective assistance of counsel" does not guarantee errorless counsel or counsel whose competency is judged by perfect hindsight. *Saylor v. State*, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983). "Isolated instances in the record reflecting errors of commission or omission do not cause counsel to become ineffective, nor can ineffective assistance of counsel be established by isolating or separating out one portion of the trial counsel's performance for examination." *Ex parte Welborn*, 875 S.W.2d 391, 393 (Tex. Crim. App. 1990). Appellant bears the burden of proving by a preponderance of the evidence that counsel was ineffective, and an allegation of ineffectiveness must be firmly founded in the record. *Thompson*, 9 S.W.3d at 813.

Trial court counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective. *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). Specifically, when the record is silent regarding the reasons for counsel's conduct, a finding that counsel was ineffective would require impermissible speculation by the appellate court. *Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.—Houston [1st Dist.] 1996, no pet.). Therefore, absent specific explanations for counsel's

decisions, a record on direct appeal will rarely contain sufficient information to evaluate an ineffective assistance claim. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). To warrant reversal without affording counsel an opportunity to explain his actions, "the challenged conduct must be 'so outrageous that no competent attorney would have engaged in it.'" *Roberts v. State*, 220 S.W.3d 521, 533 (Tex. Crim. App. 2007) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

## B.  Discussion

### 1.  Motion for Mistrial

At the hearing on appellant's motion for new trial, appellant's trial counsel testified that he did not file a motion for mistrial because he believed that the motion was premature. Furthermore, appellant's trial counsel noted that he did not rely on the missing exhibits during his closing argument and that he returned to his office to call prosecutors about a plea deal while others searched for the missing exhibits.

In any event, Texas courts have held that the failure of appellant's counsel to request a mistrial could only be termed an act of ineffective assistance of counsel if a mistrial should have been granted. *See Weinn v. State*, 281 S.W.3d 633, 641 (Tex. App.—Amarillo 2009), *aff'd on other grounds*, 326 S.W.3d 189 (Tex. Crim. App. 2010); *see also Zamora v. State*, No. 04-12-00275-CR, 2013 Tex. App. LEXIS 2457, at *8 (Tex. App.—San Antonio Mar. 13, 2013, no pet.) (mem. op., not designated for publication); *Thomas v. State*, No. 01-11-00631-CR, ___ S.W.3d ___, 2013 Tex. App. LEXIS 1719, at **18-19 (Tex. App.—Houston [1st Dist.] Feb. 21, 2013, pet. ref'd). A trial court's ruling on a motion for mistrial is reviewed for an abuse of discretion and is upheld if it is within the zone

of reasonable disagreement. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). "A mistrial is an appropriate remedy in 'extreme circumstances' for a narrow class of highly prejudicial and incurable errors." *Id.* "A mistrial halts trial proceedings when error is so prejudicial that expenditure of further time and expenses would be wasteful and futile." *Id.* A mistrial should be granted only when less drastic alternatives fail to cure the prejudice. *Id.* at 884-85.

As noted above, we have concluded that the loss of the exhibits was harmless in this case. And because a mistrial is only warranted "when error is so prejudicial that expenditure of further time and expenses would be wasteful and futile," we cannot say that a mistrial, if it had been filed, would have been granted. *See Ocon*, 284 S.W.3d at 884; *see also Weinn*, 281 S.W.3d at 641. Accordingly, we cannot say that appellant's trial counsel was ineffective for failing to file a motion for mistrial in response to the loss of the exhibits. *See Weinn*, 281 S.W.3d at 641; *see also Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Thompson*, 9 S.W.3d at 812.

### 2. Request to Reopen Evidence

On appeal, appellant also complains that his trial counsel was ineffective for failing to request to reopen evidence after discovering that the exhibits were missing. Article 36.02 of the Texas Code of Criminal Procedure provides that: "The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice." TEX. CODE CRIM. PROC. ANN. art. 36.02 (West 2007). Further, after argument is concluded, the trial court has no discretion to reopen evidence. *See Allman v. State*, 164 S.W.3d 717, 720-

21 (Tex. App.—Austin 2005, no pet.) ("A trial court does not err by reopening for further evidence before arguments conclude provided the evidence is material. But it is clear from the record that both parties had concluded their arguments before the court admitted the additional evidence. Whatever the trial court might have believed or desired, article 36.02 prohibited further evidence at that point in the proceeding." (internal citations omitted)).

Here, the parties discovered that the complained-of exhibits were missing after closing arguments had concluded and while the jury was deliberating. Because arguments had concluded, the trial court did not have any discretion to reopen for further evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 36.02; *see also Allman*, 164 S.W.3d at 720-21. As such, the filing of a motion to reopen evidence at the time it was discovered that the complained-of exhibits were missing would not have yielded appellant any relief. *See* TEX. CODE CRIM. PROC. ANN. art. 36.02; *see also Allman*, 164 S.W.3d at 720-21. Accordingly, we cannot say that the failure of appellant's trial counsel to file a motion to reopen evidence rendered his representation of appellant ineffective. *See* TEX. CODE CRIM. PROC. ANN. art. 36.02; *Allman*, 164 S.W.3d at 720-21; *see also Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Thompson*, 9 S.W.3d at 812.

### 3. Request to Withdraw Appellant's Guilty Plea

With respect to appellant's final complaint about his trial counsel, once again the timing of the discovery of the missing exhibits matters. The Court of Criminal Appeals has stated that a guilty plea may be withdrawn and a plea of not guilty may be entered at any time before the jury retires to consider its verdict. *Murray v. State*, 302 S.W.3d

874, 883 (Tex. Crim. App. 2009) (quoting *Ralls v. State*, 151 Tex. Crim. 146, 149, 205 S.W.2d 594, 596 (1947)). Here, at the time the parties discovered that the exhibits were missing, closing arguments had concluded and the jury had retired to deliberate; therefore, appellant was not authorized to withdraw his guilty plea at that time. *See id.* And because appellant could not withdraw his guilty plea once the jury had retired to deliberate, a request to withdraw appellant's guilty plea would have been fruitless. *See id.* As such, we cannot say that appellant has demonstrated that his trial counsel was ineffective for failing to request to withdraw appellant's guilty plea. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Thompson*, 9 S.W.3d at 812.

Because we have rejected all of appellant's complaints about his trial counsel, and because we are to look to the totality of trial counsel's representation of appellant, we cannot conclude that appellant has satisfied his burden of proving that his trial counsel was ineffective. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *see also Lopez*, 343 S.W.3d at 142; *Thompson*, 9 S.W.3d at 812. Accordingly, we overrule appellant's second issue.

## IV. CONCLUSION

Based on the foregoing, we affirm as modified.

AL SCOGGINS
Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed July 31, 2014
Do not publish
[CRPM]